AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Martin CASTANEDA-Calderon<br><br>*Defendant(s)* | Case No. **4:25-mj-0159** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  March 18, 2025 to March 19, 2025  in the county of  Harris  in the  Southern  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Section 846, and 841 a(1) and (b)1(A) | Knowingly, intentionally, and unlawfully possess with intent to distribute methamphetamine, and conspiracy to possess with intent to distribute methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts: See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Heath Hawley, DEA Task Force Officer
*Printed name and title*

Sworn to and signed by telephone.

Date: March 20, 2025

*Judge's signature*

City and state: Houston, Texas

Hon. Richard W. Bennett / U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Heath Hawley, being duly sworn telephonically, depose and state as follows:

1. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, I am an officer of the United States authorized by law to conduct investigations of and make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have been a Task Force Officer for the Drug Enforcement Administration (DEA) since March 18, 2024, and I am currently assigned to the Houston Field Division in Houston, Texas. Prior to becoming a Task Force Officer, I was assigned to the Jersey Village Police Department as a Lieutenant supervising the Criminal Investigation Division and am still currently employed with the Jersey Village Police Department. I have been a Texas Peace Officer for approximately 15 years.

2. I have received courses of instruction from DEA relative to the investigative techniques and the conducting of drug and financial investigations. I have participated in and conducted investigations which have resulted in the arrests of individuals who have smuggled, received and distributed controlled substances, including marijuana, cocaine, methamphetamine, fentanyl and heroin, as well as the seizure of illegal drugs and proceeds of the sale of those illegal drugs. In addition, I have conducted, in connection with these and other cases, follow up investigations concerning the concealment of drug produced assets, money, bank records, etc., and the identification of drug conspirators using ledgers, telephone bills and records, photographs and bank checks, as related to drug trafficking. I have participated in investigations involving the ways in which drug traffickers conduct their business, including,

but not limited to, their methods of importing and distributing drugs, their use of cellular devices, and their use of numerical codes and code words to conduct their illegal transactions.

3. Based upon my training, experience, and participation in narcotics trafficking, which have resulted from violations of the Title 21 and Title 18, I prepared this Affidavit in support of a criminal complaint charging **Martin CASTANEDA-Calderon** ("CASTANEDA") and **Inmar Antonio FLORES**-Alvarenga ("FLORES") with violating Title 21 U.S.C. § 841(a)(1), § 841 (b)(1)(A), possession with intent to distribute methamphetamine, and Title 21 U.S.C. § 846 conspiracy to distribute methamphetamine.

4. Since this Affidavit is for the limited purpose of establishing probable cause to support the Criminal Complaint, it contains only a summary of relevant facts. I have not included every fact known to me concerning the entities, individuals, and the events described in this Affidavit. The statements made in this Affidavit are based in part on my personal observations and involvement in this investigation, and information provided to me by other law enforcement officers and databases.

## **PROBABLE CAUSE**

5. The United States, including the Drug Enforcement Administration (DEA), and Texas Department of Public Safety (DPS), is conducting a criminal investigation of the drug trafficking activities being conducted by Martin CASTANEDA-Calderon, AKA "PROFE," in the Houston, Texas area.

6. In February 2025, agents began investigating a known methamphetamine conversion laboratory operator and source of supply, Martin CASTANEDA-Calderon AKA "PROFE."

7. During this investigation, a methamphetamine conversion laboratory was identified at 9718 Tavenor Lane, Houston, Texas 77075.

8. On March 18, 2025, the Honorable Richard W. Bennett signed a federal search warrant for the property at 9718 Tavenor Lane, Houston, Texas 77075. The location is described as a having two red metal freestanding buildings on the east side of the property with overhead bay garage doors facing west. These buildings described run north and south and share a fence/property line with Pasadena ISD Thomas Hancock Elementary School.

9. Prior to the execution of the search warrant, surveillance was established on CASTANEDA. CASTANEDA and FLORES were observed driving to a nearby Wal-Mart. CASTANEDA and FLORES was observed walking out of Wal-Mart with several small Igloo coolers, inside of Wal-Mart bags. Based on my training and experience, I know that these small Igloo coolers are used to convert methamphetamine in solution to crystal form. Agents had found similar small Igloo coolers at another methamphetamine conversion lab that was used by CASTANEDA and his associates. When CASTANEDA and FLORES left Wal-Mart, they traveled back to the suspected methamphetamine conversion laboratory located at 9718 Tavenor Lane, Houston Texas.

10. During the execution of the search warrant, CASTANEDA and FLORES were in the shop bay which housed the methamphetamine conversion laboratory. Inside of the conversion laboratory, multiple items of drug paraphernalia used to convert methamphetamine were located, along with approximately 66 kilograms of suspected methamphetamine, concealed inside of paint buckets. Igloo coolers inside of Wal-Mart bags matching the ones CASTANEDA and FLORES left Wal-Mart with were also located in the laboratory.

11. CASTANEDA and FLORES were transported to DEA Houston Office for an in-custody interview. FLORES refused to cooperate with agents. CASTANEDA was read his *Miranda* warnings and agreed to speak with agents. He signed the DEA 13 Form acknowledging his

understanding of his *Miranda* waiver. CASTANEDA told me he was sent to Houston, Texas to cook methamphetamine at the direction of a Mexico based drug trafficking organization. CASTANEDA said he traveled to Dallas, Texas from Houston, Texas to acquire the paint buckets and that he was aware the paints buckets contained methamphetamine. CASTANEDA said he was still in the process converting the methamphetamine from liquid form to the finalized crystalline substance, which is sold.

12. Based upon the above, I submit there is probable cause to believe that **Martin CASTANEDA-Calderon** and **Inmar Antonio FLORES-Alvarenga** knowingly and intentionally violated Title 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), possession with intent to distribute methamphetamine and Title 21 U.S.C. § 846 conspiracy to distribute methamphetamine

Respectfully submitted:

*Heath Hawley*
_____
Heath Hawley, Task Force Officer
Drug Enforcement Administration

Sworn and subscribed to by telephone on this 20th day of March 2025, and I hereby find probable cause.

_____
Richard W. Bennett
United States Magistrate Judge